IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

EARNEST EARL RUSSELL                                             PLAINTIFF

VS.                                        CIVIL ACTION NO. 3:11cv607-DPJ-FKB

ROBERT S. SMITH, et al.                                     DEFENDANTS

<u>ORDER</u>

Plaintiff is a pretrial detainee at the Hinds County Detention Center (HCDC) who is being held on charges of aggravated assault and felon-in-possession. He brought this action pursuant to § 1983 alleging claims of false arrest, false imprisonment, and malicious prosecution. A *Spears*[1] hearing was held on October 31, 2012, at which Plaintiff and counsel for Defendants Derrick Jordan and S. Burke appeared.[2] Having considered Plaintiff's complaint and his testimony at the hearing, the Court finds and rules as follows.

Plaintiff's claim is essentially that he was wrongfully arrested and charged and is being wrongfully prosecuted for the crimes for which he is now awaiting trial. A plaintiff may not recover damages under § 1983 if a judgment in his favor would necessarily imply the invalidity of an underlying criminal conviction or sentence, unless the conviction or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). If the plaintiff cannot show that the conviction has been invalidated, the complaint must be dismissed. *Id.*

---

[1] *See Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

[2] Defendant Robert S. Smith, who is *pro se*, failed to appear at the hearing.

However, if there has been no convicted, a court has the power to stay a § 1983 action until the related criminal case has ended. *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007). The Court concludes that in the present case a stay is appropriate. Accordingly, this matter is hereby stayed, and the Clerk is directed to administratively close the file. If the related criminal case ends in Plaintiff's favor, he may at that time file a motion to reopen this action.

So ordered, this the 10th day of January, 2013.

/s/ F. Keith Ball  
UNITED STATES MAGISTRATE JUDGE